IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VOYA INSTITUTIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PUERTO RICO et al.,<br><br>Defendants. | CIVIL NO. 16-2519 (FAB) |

### MOTION TO DISMISS

**TO THE HONORABLE COURT:**

COMES NOW, co-defendant Hon. Alejandro García Padilla, in his official capacity as Governor of Puerto Rico (hereinafter the "Governor"), specially appearing and without submitting to the jurisdiction or venue of this Court, and hereby states and prays as follows:

**I.   INTRODUCTION**

This is a purely contractual matter involving plaintiff and the University of Puerto Rico ("UPR"). Plaintiff brings this action as alleged trustee for the UPR's deferred compensation plan ("Plan"). Plaintiff is seeking declaratory judgment to the effect that certain actions taken or to be taken by plaintiff upon its removal as trustee do not violate the recently enacted Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), Pub. Law 114-187, or the trust agreements that govern the trusts established to hold Plan assets (the "Trust Agreements").

Plaintiffs' complaint does not contain a single allegation regarding the Commonwealth of Puerto Rico (the "Commonwealth") or the Governor. The complaint does not contain any constitutional claims nor any request for relief against the Governor that could somehow be cognizable in a federal court. In fact, the complaint does not allege the violation of any law by

anyone, but only seeks a declaration that certain actions are not contrary to law and certain contracts. Regardless of the merits of such request for declaratory relief, plaintiff's stated causes of action do not involve the Commonwealth or the Governor in any way.

The Governor hereby joins and incorporates by reference the arguments raised by UPR in its motion to dismiss filed on September 9, 2016. Docket No. 14. The complaint against the Governor should also be dismissed on additional grounds: (1) the Governor is entitled to Eleventh Amendment immunity; and (2) in the alternative, the complaint fails to state a cause of action against the Governor.

## II.   STANDARD OF REVIEW

Federal courts are courts of limited subject-matter jurisdiction, and "the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may challenge subject-matter jurisdiction in a Motion to Dismiss, "including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity," Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001), as well as standing, id. at 362-63.

"In deciding a motion to dismiss, the court must 'assume the truth of all well-pleaded facts in the complaint, drawing all reasonable inferences in the plaintiffs' favor." Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008) (citation omitted). Although it must accept as true a plaintiff's well-pled facts, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). Indeed, a complaint must be dismissed if the facts as pled do not state a claim for relief that is "plausible" on its face. See, Iqbal, 556 U.S. at 679. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and emphasis omitted).

"While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion." González v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Even in the context of a Rule 12(b)(6) motion, however, the court may consider documents "the authenticity of which are not disputed by the parties; [] official public records; [] documents central to the plaintiffs' claim; or [] documents sufficiently referred to in the complaint." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

### III.    ARGUMENT

#### A.    The Governor is entitled to Eleventh Amendment immunity.

The Eleventh Amendment to the Constitution of the United States provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

"The eleventh amendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991). See also Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. González–Feliciano, 695 F.3d 83, 103 n. 15 (1st Cir. 2012) ("This Circuit has consistently recognized that 'Puerto Rico enjoys the same immunity from suit that a State has under the Eleventh Amendment.'").[1]

---

[1]    Defendants are well aware of the recent Supreme Court's decision in Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863 (2016). That decision has no bearing on this case, as it did not even mention the Eleventh Amendment nor

"[T]he Eleventh Amendment extends … to state employees exercising their official duties." Collazo-Perez v. Puerto Rico, 100 F. Supp. 3d 88, 93 (D.P.R. 2015). See also Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002) ("As a general matter, the Eleventh Amendment bars suits in federal courts against unconsenting states (including 'official capacity' suits against state hierarchs)."); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted).

A well-settled exception to this principle was established in the landmark case of Ex parte Young, 209 U.S. 123 (1908), which held that "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief [against a state official in his or her official capacity] to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68 (1985).

Plaintiff's complaint does not contain any allegations against the Commonwealth or the Governor in his official capacity. It does not request the grant of prospective injunctive relief or any form of relief that could somehow be excepted for the application of the Eleventh Amendment. The complaint against the Governor should be dismissed without further ado.

B.     **Plaintiffs have failed to state a cause of action against the Governor**

A complaint must be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"). In order to survive

---

discuss its applicability in Puerto Rico. Unless and until the U.S. Supreme Court expresses a different view, the First Circuit cases regarding Eleventh Amendment immunity cited above are binding on this Court. See Díaz Morales v. Commonwealth of Puerto Rico, 2015 WL 4742512 at *11 (D.P.R. Aug. 11, 2015) (Gelpí, J.).

a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and emphasis omitted).

Plaintiff seeks a declaration that certain actions taken or to be taken upon its removal as a trustee do not violate federal law and the Trust Agreements. Regardless of the merits of plaintiff's claims against UPR or whether they are even cognizable in federal court,[2] UPR is legally endowed with the authority to enter into contracts and the capacity to sue and be sued. 18 P.R. Laws Ann. § 602a. Plaintiff's claims involve a contractual matter between plaintiffs and UPR. Plaintiff does not allege that the Commonwealth is a party to the Trust Agreements.

Plaintiff's complaint does not contain any allegations or claims against the Commonwealth or against the Governor. It does not involve the constitutionality of a Commonwealth statute or of any Commonwealth actions. It does not even contain a statement as to why the Governor is being sued in his official capacity. In this bare form, plaintiff's complaint fails to state a plausible claim against the Governor and must be dismissed.[3]

**WHEREFORE**, defendants respectfully request that the Court dismiss plaintiff's complaint against the Governor.

**RESPECTFULLY SUBMITTED.**

---

[2] This Court has held that UPR in entitled to Eleventh Amendment immunity. See, e.g., Marrero-Ramos v. University of Puerto Rico, 46 F. Supp. 3d 127, 131 (D.P.R. 2014).

[3] The fact that plaintiff mentions PROMESA in its complaint does not somehow provide plaintiff with a cause of action against the Governor. As explained by UPR in its motion to dismiss (Docket No. 14), incorporated herein by reference, PROMESA is wholly inapplicable in this case.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 12th day of September, 2016.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Salvador Antonetti-Zequeira**
SALVADOR ANTONETTI-ZEQUEIRA
USDC-PR No. 113910
santonet@amrclaw.com

**s/ José L. Ramírez-Coll**
JOSÉ L. RAMÍREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com